Donald Iwuchuku, Esq.
**LAW OFFICES OF DONALD IWUCHUKWU**
2600 W. Olive Ave., Ste 500
Burbank, CA 91505
Tel: 818-335-5035
Fax: 888-441-8493
Email: donaldiwuchuku@gmail.com
SBN: 181726

DONALD E. IWUCHUKU, Esq.
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LILIA EUYOQUE GALVAN,<br><br>Debtor(s). | Case No.: 2:23-bk-11108-WB<br><br>Chapter 13<br><br>**REPLY TO U.S BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF TIKI SERIES IV TRUST, SUCCESSORS AND/OR ASSIGNEES' OPPOSITION TO DEBTOR'S MOTION IMPOSING OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE;**<br><br>**DECLARATION OF LILIA EUYOQUE GALVAN IN SUPPORT THEREOF;**<br><br>**DECLARATION OF DONALD IWUCHUKU IN SUPPORT THEREOF**<br><br>Date:   3/28/2023<br>Time:  10:00 AM<br>Crtm:  1375<br>Place:  255 E. Temple St., (Zoom.Gov)<br>           Los Angeles, CA 90012 |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY COURT**

**JUDGE, THE CHAPTER 13 TRUSTEE, THE DEBTOR, THE DEBTOR'S COUNSEL,**

**AND OTHER INTERESTED PARTIES:**

Debtor, LILIA EUYOQUE GALVAN ("Debtor"), in the above-entitled Bankruptcy proceeding, hereby replies to U.S Bank Trust National Association as Trustee of Tiki Series IV Trust, successors and/or assignees' ("Secured Creditor") Opposition to Debtor's Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate ("Motion"). Debtor's Reply is based upon the following memorandum of points and authorities, any supplemental pleadings filed by the parties, and any oral argument presented at the hearing on the Motion.

## I. INTRODUCTION

Debtor filed the instant bankruptcy petition on February 28, 2023 at 2:07pm, which is her second case in the last year. U.S Bank Trust National Association as Trustee of Tiki Series IV Trust, successors and/or assignees' ("Secured Creditor") holds a first priority deed of trust on the property commonly known as 26438 Kipling Place, Stevenson Ranch, California 91381 ("Property"). Debtor now moves for this Court to extend the automatic stay as to Secured Creditor and the Property pursuant to 11 U.S.C. § 362(c)(3).

At the time Debtor filed the instant bankruptcy case, Debtor was unaware that there was a scheduled Trustee's Sale set for Debtor's Property. However, on February 28, 2023 at 11:00am, a Trustee's Sale was held wherein the Property – Debtor's principal residence, was sold to a third party. This Trustee's Sale was NOT VALID because NO NOTICE was provided to Debtor or anyone in Debtor's household as to the postponement of the foreclosure sale as required under California Civil Code §§2924, *et seq*. Accordingly, since there was not valid foreclosure sale of the Property, Debtor's principal residence remains property of the Bankruptcy Estate. As such, there IS an Automatic Stay in place protecting the Property and Debtor contends the Trustee's Sale was INVALID.

In addition, Debtor contends that this bankruptcy case was filed in good faith because there have been a change in circumstances from Debtor's first bankruptcy case to this one. Based on the foregoing reasons and the reasons set forth in further detail below, Debtor respectfully request that her Motion be granted.

## II. <u>STATEMENT OF FACTS</u>

1. On or about January 28, 2022, Secured Creditor, by and through its loan servicing agent, SN SERVICING CORPORATION ("SNSC") and PRESTIGE DEFAULT SERVICES, LLC ("Prestige"), commenced foreclosure proceedings against Debtor's Property by recording a Notice of Default and Election to Sell Under Deed of Trust in the Los Angeles County Recorder's Office, instrument number 20220112496 ("NOD"). Attached hereto and labeled **EXHIBIT A** is a copy of the duly recorded NOD.

2. On or about May 16, 2022, Secured Creditor, by and through SNSC and PRESTIGE, recorded a Notice of Trustee's Sale in the Los Angeles County Recorder's Office, assigned instrument number 20220526811 ("NOTS") by scheduling a Trustee's Sale of the property on June 28, 2022. Attached hereto and labeled **EXHIBIT B** is a copy of the duly recorded NOTS.

3. Prior to the originally scheduled Trustee's Sale, Debtor was negotiating with Defendant's servicing agent, SNSC, to obtain a loan modification. As a result, the originally scheduled Trustee's Sale was postponed to July 27, 2022.

4. On or about July 25, 2022, to remedy her financial problems, Debtor filed a Chapter 13 Bankruptcy, case number 2:22-bk-14011-WB ("prior BK13"), to reorganize her debt and proposed to pay the Secured Creditor via her Chapter 13 Plan. Attached hereto and labeled **EXHIBIT C** is a copy of the Notice of Bankruptcy Case Filing for Debtor's prior BK13.

5. On or about November 10, 2022, Secured Creditor, by and through SNSC and its bankruptcy counsel, GHIDOTTI BERGER LLP ("Ghidotti"), filed a Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 ("MFR") alleging Debtor had defaulted on her post-petition mortgage payments. Attached hereto and labeled **EXHIBIT D** is a copy of the MFR filed in Debtor's prior BK13.

**6.** Secured Creditor's MFR clearly admitted that the status of its foreclosure actions relating to the subject Property was "none scheduled" as declared by Dalip Sharma, agent of SNSC, as agent for Secured Creditor and one of the custodians of the books, records and files of Secured Creditor (*See* MFR, *Real Property Declaration*, ¶ 9.d.)

7. From November 12, 2022 through December 6, 2022, Debtor's bankruptcy counsel, DONALD IWUCHUKU, ESQ. ("Iwuchuku") communicated with GHIDOTTI via email correspondence disputing the alleged post-petition default noted in Secured Creditor's MFR, thereby demonstrating Debtor was, in fact, current with her post-petition mortgage payments.

8. On or about December 6, 2022, Defendant USB, by and through GHIDOTTI, withdrew its MFR in Debtor's prior BK13. Attached hereto and labeled **EXHIBIT E** is a copy of the Voluntary Withdrawal of the MFR filed in Debtor's prior BK13.

9. On or about February 2, 2023, during the pendency of her Chapter 13 bankruptcy case, Debtor failed to submit her 2020- and 2021-income tax returns to the Chapter 13 Trustee within 120-days from the petition date, causing her prior BK13 to be dismissed without prejudice to refiling another bankruptcy case.

10. Between February 2, 2023 through February 28, 2023, Debtor and her bankruptcy counsel would regularly check the status of the foreclosure sale. Calls were made to the listed telephone number on the NOTS, (949) 427-2010, to no avail. The use of a popular foreclosure monitoring

service, PropertyRadar, was employed to also monitor the foreclosure status. PropertyRadar showed, as of February 28, 2023, that the Trustee's Sale was "cancelled." Attached hereto and labeled **EXHIBIT F** is a copy of the Voluntary Withdrawal of the PropertyRadar report.

11. In reliance on the above representations, Debtor waited to re-file her instant Chapter 13 Bankruptcy voluntary petition until February 28, 2023.

12. While giving notice of Debtor's current BK13 to Defendants, Debtor and her bankruptcy counsel were shocked to learn that her house had sold in a foreclosure sale by the Defendants at approximately 11:08 a.m. during the morning of February 28, 2023.

13. Secured Creditor, by and through GHIDOTTI, alleges that PRESTIGE, as trustee, postponed the Trustee's Sale multiple times and allegedly gave notice of the postponements (collectively, "Postponement Notices") as follows:

   a. June 28, 2022 to July 27, 2022 (*See* Secured Creditor's Opposition, *Exhibit 1*);

   b. July 27, 2022 to August 30, 2022 (*See* Secured Creditor's Opposition, *Exhibit 2*);

   c. August 30, 2022 to November 29, 2022 (*See* Secured Creditor's Opposition, *Exhibit 3*);

   d. November 29, 2022 to December 29, 2022 (*See* Secured Creditor's Opposition, *Exhibit 4*); and

   e. December 29, 2022 to February 28, 2023 (*See* Secured Creditor's Opposition, *Exhibit 5*).

14. Each of the alleged Postponement Notice contain an alleged list of parties who were given notice of the Postponement Notices, alleging service by First Class Mail and Certified with Electronic Return Receipt.

///

///

15. Debtor acknowledges receiving notice of the first postponement of Trustee's Sale from June 28, 2022 to July 27, 2022 as indicated in paragraph 12.a., above.  This is what led to Debtor's prior BK13 filing.

16. However, Debtor NEVER received any other Postponement Notices regarding the Trustee's Sale of the subject Property.

17. Debtor's counsel cross-referenced each of the alleged First Class Mail and Electronic Return Receipt tracking numbers provided by Secured Creditor using the United States Postal Service's website tracking tool on USPS.com (https://tools.usps.com/).

18. NONE of the tracking numbers shown under First Class Mail in Secured Creditor's Opposition, *Exhibit 2* are existent.  Attached hereto and labeled **EXHIBIT G** are copies of the USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in Secured Creditor's Opposition, *Exhibit 2*.

19. NONE of the tracking numbers shown under Electronic Return Receipts in Secured Creditor's Opposition, *Exhibit 2* were delivered to Debtor or anyone in Debtor's household.  Thus, Debtor did not have notice of any such postponement of the Trustee's Sale.  Attached hereto and labeled **EXHIBIT H** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in Secured Creditor's Opposition, *Exhibit 2*.

20. NONE of the tracking numbers shown under First Class Mail in Secured Creditor's Opposition, *Exhibit 3* are existent.  Attached hereto and labeled **EXHIBIT I** are copies of the USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in Secured Creditor's Opposition, *Exhibit 3*.

///

///

21. NONE of the tracking numbers shown under Electronic Return Receipts in <u>Secured Creditor's Opposition</u>, *Exhibit 3* were delivered to Debtor or anyone in Debtor's household.  Thus, Debtor did not have notice of any such postponement of the Trustee's Sale.  Attached hereto and labeled **EXHIBIT J** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 3*.

22. NONE of the tracking numbers shown under First Class Mail in <u>Secured Creditor's Opposition</u>, *Exhibit 4* are existent.  Attached hereto and labeled **EXHIBIT K** are copies of the USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 4*.

23. NONE of the tracking numbers shown under Electronic Return Receipts in <u>Secured Creditor's Opposition</u>, *Exhibit 4* were delivered to Debtor or anyone in Debtor's household.  Thus, Debtor did not have notice of any such postponement of the Trustee's Sale.  Attached hereto and labeled **EXHIBIT L** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 4*.

24. NONE of the tracking numbers shown under First Class Mail in <u>Secured Creditor's Opposition</u>, *Exhibit 5* are existent.  Attached hereto and labeled **EXHIBIT M** are copies of the USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 5*.

25. NONE of the tracking numbers shown under Electronic Return Receipts in <u>Secured Creditor's Opposition</u>, *Exhibit 5* were delivered to Debtor or anyone in Debtor's household.  Thus, Debtor did not have notice of any such postponement of the Trustee's Sale.  Attached hereto and labeled **EXHIBIT N** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 5*.

## III.  ARGUMENTS

## THE TRUSTEE'S SALE HELD ON FEBRUARY 28, 2023 IS INVALID, CAUSING THE PROPERTY TO REMAIN PROPERTY OF THE BANKRUPTCY ESTATE.

26. Pursuant to California Civil Code §2924(5), whenever a sale is postponed for a period of at least 10 business days pursuant to Section 2924g, a mortgagee, beneficiary, or authorized agent shall provide written notice to a borrower regarding the new sale date and time, within five business days following the postponement. Information provided pursuant to this paragraph shall not constitute the public declaration required by subdivision (d) of Section 2924g.  [CA Civil Code §2924(5)].

27. Here, Secured Creditor alleges that written Postponement Notices were provided to borrower, Debtor, regarding the new sale date and time.  However, pursuant to the evidence obtained from the USPS, NONE of these notices were actually provided to Debtor.

28. CA CIV Code § 2924f requires that notice be given before any sale of property can be made under a power of sale contained in any deed of trust or mortgage. [CA Civil Code § 2924f(b)(1)]

29. To successfully challenge a foreclosure sale based on a procedural irregularity, such as the failure to provide written notice of sale at issue here, the plaintiff must show that the irregularity caused him or her prejudice. (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 96.).

30. Here, the procedural irregularity of not providing Debtor with notices of the postponement of the Trustee's Sale clearly prejudiced Debtor because she detrimentally relied on there being NO SCHEDULED TRUSTEE'S SALE when she re-filed her instant Chapter 13 bankruptcy case. Debtor's prior BK13 was not dismissed because of her failure to tender her Plan and post-petition mortgage payments.  In fact, Debtor was current with both at the time of dismissal.  As indicated previously, Debtor's prior BK13 was dismissed because she failed to deliver her tax returns to the Chapter 13 Trustee within 120-days from the prior BK13's Meeting of Creditors.  However, Debtor

was ready, willing, and able to re-file her Chapter 13 bankruptcy immediately after the dismissal of her prior BK13 because she had completed her 2020 and 2021 income tax returns and in fact, has since filed those tax returns along with her 2018 and 2019 income tax returns.

31. As explained hereinabove, Debtor had relied on 2 separate statements of fact: a) Secured Creditor's own judicial admission that there was NO SCHEDULED TRUSTEE'S SALE as of the MFR filed in Debtor's prior BK13; and b) a well-known foreclosure tracking website, PropertyRadar, also confirmed Secured Creditor's misrepresentation by showing the Trustee's Sale had been "cancelled."

32. Pursuant to CA CIV Code §2924g(d), the notice of each postponement and the reason therefor shall be given by public declaration by the trustee at the time and place last appointed for sale.  A public declaration of postponement shall also set forth the new date, time, and place of sale and the place of sale shall be the same place as originally fixed by the trustee for the sale… The trustee shall maintain records of each postponement and the reason therefor. [CA Civil Code § 2924f(b)(1)].

33. Here, since there was NO SCHEDULED TRUSTEE'S SALE as declared by Dalip Sharma, agent of SNSC, as agent for Secured Creditor and one of the custodians of the books, records and files of Secured Creditor (See MFR, Real Property Declaration, ₱ 9.d.), there could not have been a "public declaration of postponement at the time and place last appointed for sale."  Moreover, Secured Creditor's own evidence shows Debtor DID NOT actually receive the Postponement Notices as shown by the tracking numbers cross-referenced with the USPS.

34. Thus, since the Trustee's Sale held on February 28, 2023 was either invalid due to procedural irregularity or held fraudulently altogether, Debtor's Property remains property of the bankruptcy estate and subject to the Automatic Stay provisions under the Bankruptcy Code.

## DEBTOR HAS REBUTTED THE PRESUMPTION THAT HER INSTANT CHAPTER 13 BANRUPTCY CASE WAS NOT FILED IN GOOD FAITH.

35. Pursuant to 11 U.S.C. §362(a), a petition filed under the Bankruptcy Code operates as a stay, applicable to all entities, of: the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title [11 U.S.C. §362(a)(2)]; any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate [11 U.S.C. §362(a)(3)]; any act to create, perfect, or enforce any lien against property of the estate [11 U.S.C. §362(a)(4)]; and any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title [11 U.S.C. §362(a)(6)].

36. Pursuant to 11 U.S.C. §362(c)(1), the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate. [11 U.S.C. §362(c)(1)].

37. A case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) as to all creditors, if there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded if a case under Chapter 11 or 13, with a confirmed plan that will be fully performed. [11 U.S.C. §362(c)(3)(C)(i)(III)(bb)].

38. Here, Debtor's prior BK13 case was dismissed solely because Debtor failed to submit her 2020 and 2021 income tax returns to the Chapter 13 Trustee within 120-days from the initial Meeting of Creditors.

39. However, since the dismissal of her prior BK13, Debtor has prepared and filed her 2020 and 2021 tax returns as well as her tax returns for 2018 and 2019.  Debtor plans on filing her 2022 income tax returns on or before the April 15th deadline this year.  Debtor shall provide copes of her tax returns to the Chapter 13 Trustee prior to the Meeting of Creditors in this case scheduled for April 13, 2023.

40. Thus, since Debtor has demonstrated the aforementioned change in her personal affairs as shown by her conduct in her prior BK13 of her willingness and ability to tender all Plan and post-petition mortgage payments as well as addressing all issues presented by the Chapter 13 Trustee, Debtor has satisfied the requirements to continue the Automatic Stay in this Chapter 13 bankruptcy case.

## IV. CONCLUSION

Based on the foregoing, Debtor respectfully requests that this Honorable Court grant Debtor's Motion.


Date:   March 27, 2023                                     LAW OFFICES OF DONALD IWUCHUKU


                                                           By:    /s/ Donald Iwuchuku, Esq.
                                                                  DONALD IWUCHUKU, ESQ.
                                                                  ATTORNEY FOR DEBTOR

## **DECLARATION OF LILIA EUYOQUE GALVAN**

I, LILIA EUYOQUE GALVAN, declare as follows:

1. That I am the debtor in this case filed with this Honorable Court on 2/28/2022.

2. This is the 2nd bankruptcy pending within the last 12-months.

3. My prior bankruptcy case was a Chapter 13 case filed on 7/25/2022, assigned case number 2:22-bk-14011-WB ("prior BK").

4. My prior BK was dismissed on 2/02/2023 because I failed to timely turnover my 2020- and 2021-income tax returns to the Chapter 13 Trustee ("Trustee").

5. During my prior BK, I remained current with my Chapter 13 Plan payments and post-petition mortgage payments.

6. I was unable to meet with my tax preparer timely to prepare and file my required tax returns which was the reason why I did not submit my tax returns to the Trustee within 120-days of filing my prior BK.

7. I have now prepared and filed my 2018 - 2021 tax returns. I plan to prepare and file my 2022 income tax returns on or before the April 15th deadline this year. I shall turnover these tax returns to the Trustee before the Meeting of Creditors scheduled in this case on April 13, 2023.

8. The subject real property is commonly known as 26438 W. Kipling Place, Stevenson Ranch, CA 91381 ("subject property").

9. Based on my knowledge and reasonable belief, I thereon allege that the subject property's fair market value is approximately $1,176,236.00. I owe approximately $469,460.42 to the mortgage lender. Thus, the subject property has approximately $706,775.58 in equity.

10. Based on my knowledge and reasonable belief, I thereon allege that I have demonstrated to this Court my ability and willingness to keep my home and pay the required Plan and post-petition mortgage payments as I did in my prior BK13.

11. My affairs are now in order, and I reasonably believe I have proposed my Plan in good faith and able to provide for a feasible and confirmable Plan.

12. I pray this Court considers the change in circumstances as mentioned hereinabove and grants my Motion to Continue the Automatic Stay.

I declare under penalty of perjury under the laws of California that the above is true and correct and that this declaration was completed this 27th day of March 2023 in Burbank, California.

        __(see attached)_____
        LILIA EUYOQUE GALVAN

### DECLARATION OF DONALD IWUCHUKU, ESQ.

I, Donald Iwuchuku, Esq., declare as follows:

1. I am Debtor's bankruptcy attorney in the instant Chapter 13 bankruptcy case and her prior BK13.

2. I am an attorney duly licensed by the State of California to practice law in California and before this Honorable Court.

3. On or about November 10, 2022, Secured Creditor, by and through SNSC and its bankruptcy counsel, GHIDOTTI, filed a Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 ("MFR") in Debtor's prior BK13 alleging Debtor had defaulted on her post-petition mortgage payments.

4. Secured Creditor's MFR clearly admitted that the status of its foreclosure actions relating to the subject Property was "none scheduled" as declared by Dalip Sharma, agent of SNSC, as agent for Secured Creditor and one of the custodians of the books, records and files of Secured Creditor (See MFR, Real Property Declaration, ℙ 9.d.)

5. From November 12, 2022 through December 6, 2022, I communicated with GHIDOTTI via email correspondence disputing the alleged post-petition default noted in Secured Creditor's MFR, thereby demonstrating Debtor was, in fact, current with her post-petition mortgage payments.

6. On or about December 6, 2022, Defendant USB, by and through GHIDOTTI, withdrew its MFR in Debtor's prior BK13.

7. Between February 2, 2023 through February 28, 2023, I would regularly check the status of the foreclosure sale. Calls were made to the listed telephone number on the NOTS, (949) 427-2010, to no avail. The use of a popular foreclosure monitoring service, PropertyRadar, was

employed to also monitor the foreclosure status. PropertyRadar showed, as of February 28, 2023, that the Trustee's Sale was "cancelled."

8. In reliance on the above representations, Debtor and I waited to re-file her instant Chapter 13 Bankruptcy voluntary petition until February 28, 2023.

9. While giving notice of Debtor's current BK13 to Defendants, I was shocked to learn that Debtor's home had sold in a foreclosure sale by Secured Creditor at approximately 11:08 a.m. during the morning of February 28, 2023.

10. Secured Creditor, by and through GHIDOTTI, alleges that PRESTIGE, as trustee, postponed the Trustee's Sale multiple times and allegedly gave notice of the postponements (collectively, "Postponement Notices") to Debtor as follows:

   A. June 28, 2022 to July 27, 2022 (*See* Secured Creditor's Opposition, *Exhibit 1*);

   B. July 27, 2022 to August 30, 2022 (*See* Secured Creditor's Opposition, *Exhibit 2*);

   C. August 30, 2022 to November 29, 2022 (*See* Secured Creditor's Opposition, *Exhibit 3*);

   D. November 29, 2022 to December 29, 2022 (*See* Secured Creditor's Opposition, *Exhibit 4*); and

   E. December 29, 2022 to February 28, 2023 (*See* Secured Creditor's Opposition, *Exhibit 5*).

11. Each alleged Postponement Notice contains an alleged list of parties who were given notice of the Postponement Notices, alleging service by First Class Mail and Certified with Electronic Return Receipt.

12. I cross-referenced each of the First Class Mail and Electronic Return Receipt tracking numbers provided by Secured Creditor using the United States Postal Service's website tracking tool on USPS.com.

13. NONE of the tracking numbers shown under First Class Mail in <u>Secured Creditor's Opposition</u>, *Exhibit 2* are existent.  Attached hereto and labeled **EXHIBIT G** are copies of the USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 2*.

14. NONE of the tracking numbers shown under Electronic Return Receipts in <u>Secured Creditor's Opposition</u>, *Exhibit 2* were delivered to Debtor or anyone in Debtor's household.  Thus, Debtor did not have notice of any such postponement of the Trustee's Sale.  Attached hereto and labeled **EXHIBIT H** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 2*.

15. NONE of the tracking numbers shown under First Class Mail in <u>Secured Creditor's Opposition</u>, *Exhibit 3* are existent.  Attached hereto and labeled **EXHIBIT I** are copies of the USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 3*.

16. NONE of the tracking numbers shown under Electronic Return Receipts in <u>Secured Creditor's Opposition</u>, *Exhibit 3* were delivered to Debtor or anyone in Debtor's household.  Thus, Debtor did not have notice of any such postponement of the Trustee's Sale.  Attached hereto and labeled **EXHIBIT J** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in <u>Secured Creditor's Opposition</u>, *Exhibit 3*.

17. NONE of the tracking numbers shown under First Class Mail in <u>Secured Creditor's Opposition</u>, *Exhibit 4* are existent.  Attached hereto and labeled **EXHIBIT K** are copies of the

USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in Secured Creditor's Opposition, *Exhibit 4*.

18. NONE of the tracking numbers shown under Electronic Return Receipts in Secured Creditor's Opposition, *Exhibit 4* were delivered to Debtor or anyone in Debtor's household. Thus, Debtor did not have notice of any such postponement of the Trustee's Sale. Attached hereto and labeled **EXHIBIT L** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in Secured Creditor's Opposition, *Exhibit 4*.

19. NONE of the tracking numbers shown under First Class Mail in Secured Creditor's Opposition, *Exhibit 5* are existent. Attached hereto and labeled **EXHIBIT M** are copies of the USPS Tracking log for each of the alleged First Class Mailings of Postponement Notices as shown in Secured Creditor's Opposition, *Exhibit 5*.

20. NONE of the tracking numbers shown under Electronic Return Receipts in Secured Creditor's Opposition, *Exhibit 5* were delivered to Debtor or anyone in Debtor's household. Thus, Debtor did not have notice of any such postponement of the Trustee's Sale. Attached hereto and labeled **EXHIBIT N** are copies of the USPS Tracking log for each of the alleged Electronic Return Receipts of Postponement Notices as shown in Secured Creditor's Opposition, *Exhibit 5*.

I declare under penalty of perjury under the laws of California that the above is true and correct and that this declaration was completed this 27th day of March 2023 in Burbank, California.

                                                           /s/ Donald Iwuchuku, Esq.
                                                          DONALD IWUCHUKU, ESQ.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**2600 W. Olive Ave., Ste 500**
**Burbank, CA 91505**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO U.S BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF TIKI SERIES IV TRUST, SUCCESSORS AND/OR ASSIGNEES' OPPOSITION TO DEBTOR'S MOTION IMPOSING OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/27/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Nancy K Curry (TR)**
**TrusteeECFMail@gmail.com**

**Donald E Iwuchuku on behalf of Debtor Lilia Euyoque Galvan**
**donaldiwuchuku@gmail.com, r60703@notify.bestcase.com**

**United States Trustee (LA)**
**ustpregion16.la.ecf@usdoj.gov**

[ ]   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **3/27/2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Lilia Euyoque Galvan**
**26438 W. Kipling Pl.**
**Stevenson Ranch, CA 91381**

**Antonio Galvan**
**26438 W. Kipling Pl.**
**Stevenson Ranch, CA 91381**

**Prestige Default Services LLC**
**c/o Michelle Ghidotti**
**1920 Old Tustin Ave.**
**Santa Ana, CA 92705**

**SN Servicing Corporation**
**323 5th Street**
**Eureka, CA 95501**

**SN Servicing Corporation**
**Attn: Robin P. Arkley II, CEO**
**13702 Coursey Blvd., Building 1A**
**Baton Rouge, LA 70817**

**SN Servicing Corporation**
**c/o CSC - Lawyers Incorporating Service**
**2710 Gateway Oaks Drive, #150N**
**Sacramento, CA 95833**

**California Dept of Tax & Fee Admin**
**Collections Support Bureau, MIC: 55**
**P.O. Box 942879**
**Sacramento CA 94279-0055**

**Hon. Julia W. Brand**
**U.S. BANKRUPTCY COURT JUDGE**
**255 E. Temple Street, Suite 1382 / Courtroom 1375**
**Los Angeles, CA 90012**

[ ]   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ]   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Date:    March 27, 2023**                                         **/s/ Donald Iwuchuku, Esq.**
                                                                     Donald Iwuchuku, Esq.